UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENNIE ANDERSON, | : |
| Petitioner | : CIVIL ACTION NO. 3:21-0136 |
| v. | : (JUDGE MANNION) |
| | : |
| SUPT. KEVIN KAUFFMAN, | : |
| Respondent | : |

## MEMORANDUM

**I.   Background**

Petitioner, Bennie Anderson, an inmate confined in the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). The filing fee has been paid.

Petitioner is confined pursuant to a judgment and conviction imposed in October, 1979, in the Court of Common Pleas for Philadelphia County. See Commonwealth v. Bennie Anderson, 461 A.2d 208 (Pa. 1983).

Anderson files the instant §2254 petition but does not challenge his conviction or sentence. (Doc. 1). Rather, he seeks release from prison due to the serious risk COVID-19 poses to his health. Id. He claims that he has

"been incarcerated for over three decades" and has "numerous health impairments, including a heart condition, high blood pressure, a serious respiratory problem and has been hospitalized on numerous occasions recently." Id. Thus, he seeks to be released "to home confinement until the risk of COVID-19 virus has been eradicated from the Pa. DOC prison system." Id.

For the reasons that follow, the petition will be dismissed without prejudice to Petitioner seeking state habeas corpus relief pursuant to 42 PA. CON. STAT. §6502(a) from the Philadelphia Court of Common Pleas or other relief from the Pennsylvania Department of Corrections ("DOC"). To the extent one is needed, a certificate of appealability will be denied.

II.     **Standard of Review**

This matter is before the court for screening. See 28 U.S.C. §2243. The petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. §2254 (applicable to §2241 petitions under Rule 1(b)); see also Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any

attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

### III.   Discussion

Anderson seeks habeas corpus relief in the form of a modification of the sentence imposed by the Philadelphia County Court of Common Pleas. Specifically, he seeks release on home confinement during the COVID-19 pandemic, because of his age and myriad health risks. While Anderson resides within this district, thus providing the court with concurrent jurisdiction over Anderson's petition, he was sentenced in Philadelphia County which lies within the Eastern District of Pennsylvania. See 28 U.S.C. §2241(d). Nonetheless, and assuming without deciding that Anderson can seek his temporary release due to COVID-19 in a habeas petition, he is first required to exhaust his available state court remedies. See 28 U.S.C. §2254(b)(1); see also Davis v. Kauffman, Civ. No. 1:21-CV-0277, 2021 WL 1225930 (M.D. Pa. April 1, 2021) (dismissing state prisoner's habeas petition due to his failure to exhaust available state court remedies to address COVID-19 condition of confinement concerns); Massey v. Estock, Civ. No. 1:20-CV-

271, 2020 WL 8224836, *2 (W.D. Pa. Nov. 2, 2020) citing Clauso v. Warden, Civ. No. 20-5521, 2020 WL 2764774 (D. N.J. May 27, 2020); see also Malloy v. Dist. Att'y of Montgomery Cnty., 461 F.Supp.3d 168 (E.D. Pa. 2020) (dismissing state inmate's COVID-19 habeas petition due to failure to exhaust state court remedies through state trial court or appellate courts).

      Habeas corpus relief cannot be granted unless: 1) all available state court remedies on the federal constitutional claims have been exhausted; 2) there is an absence of available state corrective process; or 3) circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. §2254(b)(1)(A). To exhaust a claim, a petitioner must "fairly present" it to each level of the state courts. See Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000). It is the petitioner's burden to demonstrate that he has raised his claims in the proper state forums through the proper state vehicles, not just that he raised a federal constitutional claim before a state court at some point. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). There are only two grounds upon which exhaustion may be excused: (1) if "there is an absence of available State corrective process," or (2) if "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §2254(b)(1)(B).

In this case, even assuming Anderson could bring a federal habeas petition seeking a modification of his state imposed sentence based on his conditions of confinement, federal habeas relief is unavailable because he has not alleged or presented any proof showing that he exhausted available state remedies or the lack of a state court remedy.

In Pennsylvania, compassionate release, or deferment of sentence, allows for the temporary placement of a state convicted inmate to a hospital, long–term care nursing facility or hospice care location under electronic monitoring provided certain requirements are met. See 42 PA. CON. STAT. §9777. An inmate or person to whom the court grants standing to act on behalf of the inmate may petition the sentencing court for such relief. Id., §9777(a)(2). Additionally, in order to obtain relief, a petitioner must make a *prima facie* claim that his current facility lacks the resources to treat him or that his illness compromises the collective health of the institution holding him. Commonwealth v. Lightcap, 806 A.2d 449 (Pa. Super. 2002). Alternatively, Anderson may file a state petition for writ of habeas corpus pursuant to 42 PA. CON. STAT. §6502(a). In Pennsylvania, aside from challenging the illegality of one's confinement, "habeas corpus is available to secure relief from conditions constituting cruel and unusual punishment, even though the detention itself is legal." Com. Ex rel. Bryant v. Hendrick,

280 A.2d 110, 113 (Pa. 1971). As Anderson clearly states he is not attacking his conviction or sentence in this habeas matter, but asserts his conditions of confinement amount to cruel and unusual punishment due to his health in face of the pandemic, he could file a state habeas petition to pursue the claims he presents in this matter.

Finally, a third alternative form of relief is available to Anderson *via* Governor Wolf's temporary program to reprieve sentences of incarceration for those inmates who meet established criteria. See *Daily Population Report* (4/14/21), https://www.cor.pa.gov/Pages/COVID-19.aspx. This program "temporarily suspends the sentences of incarceration of those persons who qualify and comply with supervision requirements for such length of time as may be necessary" during the Commonwealth's disaster emergency as a result of COVID-19. Id. The Pennsylvania Department of Corrections' Daily Population Reports reflect how many inmates are granted reprieve releases under the Governor's program. See https://www.cor.pa.gov/Pages/COVID-19.aspx (Daily Population Reports, last visited April 14, 2021). Whether Anderson would qualify for such a reprieve is unknown.

In conclusion, as more than one available state court remedy exists for Anderson to pursue his request for temporary home confinement, the court is barred from addressing Anderson's petition.

IV. **Conclusion**

For the foregoing reasons, Anderson's petition for writ of habeas corpus proceeding under 28 U.S.C. §2254 is denied without prejudice due to his failure to exhaust his available state court remedies. A certificate of appealability will not issue because reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right and would agree that the court's procedural disposition of the claim to be correct. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 15, 2021**
21-0136-01